1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FREDDY ENRIQUE PORRAS,

11            Petitioner,                        No. CIV S-11-1810 GEB EFB P

12        vs.

13   GROUNDS,[1]

14            Respondent.                        FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17   28 U.S.C. § 2254.  Respondent moves to dismiss this action as untimely.  Dckt. No. 10.

18   Petitioner opposes, arguing that he is excused from the one year statute of limitations because he

19   is "actually innocent" of the crimes for which was convicted.  Dckt. No. 16.  For the following

20   reasons, respondent's motion must be granted.

21   **I.    Procedural History**

22        Petitioner was convicted of seven counts of forcible lewd acts with a child under the age

23   of fourteen and was sentenced to forty-two years in prison.  Resp.'s Mot. to Dism., Docs.

24   Lodged in Supp. Thereof (" Lodg. Doc.") 1.  He appealed his conviction, arguing that the

25

26        [1] Randy Grounds is substituted as respondent.  *See* Rule 2(a), Rules Governing § 2254
     Proceedings; Fed. R. Civ. P. 25(d).

                                                    1

1    prosecution of three of the counts violated the ex post facto clause of the United States

2    Constitution.  Lodg. Doc. 2.  The California Court of Appeal, Third Appellate District, affirmed

3    the conviction, and the California Supreme Court denied review on September 17, 2008.  Lodg.

4    Docs. 2-4.

5        Petitioner filed three state habeas petitions challenging his conviction.  Two petitions

6    were filed on December 5, 2008, one with the California Court of Appeal, Third Appellate

7    District, and the other in the California Supreme Court.  Lodg. Docs. 5, 7.  The petition filed

8    with the Court of Appeal was denied on December 18, 2008.  Lodg. Doc. 6.  The petition filed in

9    the California Supreme Court was denied on June 10, 2009.  Lodg. Doc. 8.  Petitioner's third

10    state habeas petition was filed in the California Superior Court for the County of Sacramento on

11    September 3, 2009, and was denied on November 9, 2009.  Lodg. Docs. 9, 10.  The instant

12    petition, which only challenges three of the seven counts for which petitioner was convicted, was

13    filed on June 30, 2011.[2]  Dckt. No. 1.

14    **II.     Statute of Limitations**

15        A one-year limitations period for seeking federal habeas relief begins to run from the

16    latest of the date the judgment became final on direct review, the date on which a state-created

17    impediment to filing is removed, the date the United States Supreme Court makes a new rule

18    retroactive to cases on collateral review, or the date on which the factual predicate of a claim

19    could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

20        There is no statutory tolling of the limitations period "from the time a final decision is

21    issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*

22    *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state

23

24         [2] The court deems the filing date for each of petitioner's habeas petitions to be the date
reflected on the certificate of service for the respective petitions.  *See Houston v. Lack*, 487 U.S.

25    266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to
prison staff for delivery to the court);  *Smith v. Duncan*, 297 F.d 809, 814 (9th Cir. 2002)

26    (applying mailbox rule to petitions filed in state court).

1   post-conviction application the period is tolled, and remains tolled for the entire time that

2   application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its

3   delivery and acceptance are in compliance with the applicable laws and rules governing filings."

4   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application

5   is "pending" during the intervals between a lower court decision and filing a new petition in a

6   higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not

7   provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

8        Petitioner has the burden of proving he is entitled to statutory tolling.  *Banjo v. Ayers*,

9   614 F.3d 946, 967 (9th Cir. 2012).

10  **III.   Analysis**

11       In this case, the statute of limitations began to run when petitioner's conviction became

12  final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied

13  review on September 17, 2008.  Lodg. Doc. 4.  The conviction became final within the meaning

14  of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety

15  days later, on December 16, 2008.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59

16  (9th Cir. 1999).  The one-year limitations period commenced running the following day.

17  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until December

18  16, 2008 to file his federal habeas petition.  However, he did not file the instant petition until

19  June 30, 2011.

20       Defendant argues that even with statutory tolling petitioner failed to timely file his

21  federal petition.  Dckt. No. 10 at 3-6.  Petitioner, who has the burden of showing facts entitling

22  him to tolling, does not dispute that, even with statutory tolling, he failed to file his petition

23  within the limitations period.[3]  Petitioner claims, however, that he is excused from the one-year

24

25       [3] Based on the current record, petitioner clearly failed to file his federal habeas petition
    within the one year limitation period.  Even assuming petitioner is entitled to statutory tolling
26  from December 17, 2008, the day the limitation period commenced running, through November

1   statute of limitations because he is actually innocent of the crimes for which he was convicted.

2   Dckt. No. 15 at 2-3.

3          A credible claim of actual innocence constitutes an equitable exception to the statute of

4   limitations.  *Lee v. Lampert*, 653 F.3d 929, 932-33 (9th Cir. 2011).  In order to qualify for this

5   exception, however, a petitioner must show "that it is more likely than not that no reasonable

6   juror would have convicted him in the light of the new evidence."  *Schlup v. Delo*, 513 U.S. 298,

7   327 (1995).

8          This exacting standard "permits review only in the 'extraordinary' case," but it
           "does not require absolute certainty about the petitioner's guilt or innocence." . . .
9          As we have previously said, "where post-conviction evidence casts doubt on the
           conviction by undercutting the reliability of the proof of guilt, but not by
10         affirmatively proving innocence, that can be enough to pass through the Schlup
           gateway to allow consideration of otherwise barred claims."

11

12  *Lee*, 653 F.3d at 938 (quoting *House v. Bell*, 547 U.S. 518, 539 (2006);  *Sistrunk v. Armenakis*,

13  292 F.3d 669, 673 (9th Cir.2002)).  "*Schlup* requires a petitioner 'to support his allegations of

14  constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

15  trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"

16  *Id.* (citing *Schlup*, 513 U.S. at 324).

17         Here, petitioner has not made a credible factual showing of actual innocence.  Rather, he

18  presses the technical claim that he is actually innocent because a jury would not have found him

19  guilty of the three counts he currently challenges absent the constitutional errors that occurred at

20  his trial.  Dckt. No. 15 at 2.  He does not proffer any new evidence or even argue that he is

21  factually innocent of the crimes for which he was convicted.  *See Bousley v. United States*, 523

22  U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal

23  insufficiency.").  Because petitioner has failed to provide new evidence demonstrating that he is

24  _____

25  9, 2009, the date his last state petition was denied, petitioner would have been required to file his
    federal habeas petition by November 9, 2010.  Petitioner, however, did not file the instant
26  petition until June 30, 2011.

1  factually innocent, he is not entitled to the actual innocence equitable exception to the statute of

2  limitations.

3  **IV.    Conclusion**

4         The undersigned finds that the petition was not timely filed.  Accordingly, it is hereby

5  RECOMMENDED that:

6         1.  Respondent's September 13, 2011 motion to dismiss be granted; and

7         2.  The Clerk be directed to close the case.

8         These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

13  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

14  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

15  his objections petitioner may address whether a certificate of appealability should issue in the

16  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

17  Section 2255 Cases (the district court must issue or deny a certificate of appealability when it

18  enters a final order adverse to the applicant).

19  DATED:  June 8, 2012.

20  _____

21        EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26